# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2010

Charles R. Fulbruge III
Clerk

No. 09-10319
Summary Calendar

DAVID RUSSELL HALE,

Plaintiff-Appellant

v.

JOHN RASBERRY, Physician's Assistant; SUNDAY WILSON, Nurse Practitioner; RICHARD MENDEZ, Correctional Officer; ROGER CASTILLO, Sergeant; JIMMY STAGGS, JR., Sergeant; DR. JOHN DOES; JANE DOES; MR. JOHN DOES,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-135

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Russell Hale, Texas prisoner # 1100883, proceeding pro se and in forma pauperis (IFP), appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). In his complaint, as well as on appeal, he argues that: (1) there was a long delay before he began receiving medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment for the Hepatitis C virus (HCV); (2) once he began receiving HCV treatment, he was given an incorrect dosage, which caused side effects; and (3) the HCV treatment was stopped, and he received disciplinary convictions in retaliation for his filing of administrative grievances. We review the instant dismissal utilizing the de novo standard. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Hale's claims regarding his medical care for HCV are based upon assertions of unsuccessful treatment or dissatisfaction with the medical care he received. As such, he has failed to raise a constitutional issue regarding his medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, to the extent that Hale has raised factual allegations regarding an infected tooth for the first time on appeal, those allegations are not cognizable. *See id.* Because Hale does not show that the defendants exhibited deliberate indifference regarding the problem with his tooth, he would not be entitled to relief even if these allegations were cognizable. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Hale has also failed to make the requisite showing in conjunction with his retaliation claims. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, his claims were properly dismissed as frivolous. *See Geiger*, 404 F.3d at 373. The district court's dismissal of Hale's complaint counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hale is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment IFP unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The judgment of the district court is AFFIRMED.